UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VALUEBANK, TEXAS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-294 |
| | § | |
| UP2U, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## AMENDED ORDER

The Court GRANTS the Motion for Reconsideration of Motion to Dismiss filed by Simply Taxes, LLC (D.E. 104) and the Em-Tax Motion for Reconsideration of the Document 98 (D.E. 105) and amends the Court's Order of October 11, 2013 (D.E. 98) as follows:

Before the Court is "Defendant Simply Taxes' First Amended Motion to Dismiss Defendant-Claimants United States, People of the State of Illinois, and UP2U, LLC for Lack of Subject-Matter Jurisdiction" (D.E. 70) pursuant to Fed. R. Civ. P. 12(b)(1). Prior to consideration of this Motion, the Court granted Defendant UP2U, LLC's Motion for Summary Judgment, dismissing that Defendant from this action. D.E. 74. Defendants, United States (US) and People of the State of Illinois (Illinois) have filed their respective responses (D.E. 78, 80). For the reasons set out below, the Motion (D.E. 70) is DENIED.

## DISCUSSION

### A. Statement of Jurisdiction

This is an interpleader action, filed in the Nueces County District Court by ValueBank, Texas (ValueBank) against several adverse claimants to two deposit accounts held by ValueBank in the name of UP2U, LLC (UP2U).  ValueBank did not plead a specific rule or statute supporting the use of interpleader procedure.  D.E. 1-1.  In its Amended Answer, Illinois refers to the interpleader action continuing in this Court as initiated under "Rule 43 of the Texas Code of Civil Procedure."  D.E. 61, p. 1.  Illinois does not plead any additional jurisdictional provisions.  Interpleader in federal courts is permitted under a number of authorities, including 28 U.S.C. § 1335 and Fed. R. Civ. P. 22.

The US removed the action to this Court, reciting federal question jurisdiction under 28 U.S.C. § 1331, jurisdiction over the US as a Defendant under 28 U.S.C. § 1346, and actions affecting property on which the US has or claims a lien under 28 U.S.C. § 2410(a)(5) (reciting the use of interpleader actions).  In stating its cross-claim to the interpled funds, the US has recited subject matter jurisdiction under 28 U.S.C. § 1340, regarding actions arising under the Internal Revenue Code, specifically 26 U.S.C. § 7402(a) (conferring jurisdiction to enforce the internal revenue laws) and § 7405 (regarding the right of the US to file actions for erroneous tax refunds).  Title 28 U.S.C. § 1367 provides supplemental jurisdiction over all claims that fall within the same "case or controversy."

## B. The Competing Claims

At issue are monies related to Internal Revenue Service tax refunds. According to the pleadings, certain tax returns were prepared by Simply Taxes d/b/a Mo' Money Tax Service, LLC (MMT) and Money Co. USA, LLC (MCUSA), and were filed electronically. MCUSA and/or Em-Tax Software, Inc. (Em-Tax) provided tax preparation software to MMT which was used to account for the receipt, segregation, and disbursement, through UP2U, of individual tax refunds. The monies were held in UP2U's account for payment processing and were then allocated to (1) the taxpayer's net refund, (2) the tax preparer's (MMT's) fees, including Electronic Return Originator (ERO) fees, and (3) MCUSA's and/or Em-Tax's licensing fees. The interpled funds represent some of these non-disbursed funds.

The pleadings can be summed up to reflect the following status of competing claims to the interpled funds:

- UP2U disclaimed any interest in the funds and has been dismissed.

- Simply Taxes makes a claim for funds held on behalf of MMT, MCUSA, and Em-Tax.

- The US claims an interest in the funds because the gross tax refunds included amounts paid in error due to improper education credits claimed on individual tax returns. The US asserts that its claim properly extends to the interpled funds with respect to both the amounts held for the taxpayers and the amounts held for ERO fees.

- Illinois holds a money judgment against MMT, and MCUSA for violation of consumer protection statutes, which it seeks to collect from any amount of the interpled funds that is found to be owed to those judgment debtors.

- Illinois also claims that Em-Tax was a part of a fraud perpetrated by Simply Taxes, MMT, and MCUSA and that some of the funds belong to Illinois taxpayers as legitimate tax refunds and that some should be paid to those taxpayers as reimbursement of tax preparation fees that should not have been charged and/or in restitution for a fraudulent scheme.

**C. Jurisdiction and Standing in the Interpleader Context**

Subject matter jurisdiction includes the "irreducible constitutional minimum of standing." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

> In *Lujan* . . . , we held that, to satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and 3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. An association has standing to bring suit on behalf of its members when its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977).

*Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180-181, 120 S.Ct. 693, 704 (2000). Both the US and Illinois have stated claims related to the interpled funds that satisfy this test of Article III standing. *See generally*, *California v. Texas*, 457 U.S. 164, 171, 102 S.Ct. 2335, 2339 (1982) ("The presence of these justiciable controversies between stakeholder and claimants satisfies the 'case or controversy' requirement of Art. III.").

Simply Taxes contends, however, that the US and Illinois do not have the necessary standing to maintain their alleged claims in an interpleader form because they may have a claim to some money, but not "this particular money", and thus they do not have adverse claims to the interpled funds. D.E. 70, p. 2. Simply Taxes argues that the claims must be mutually exclusive and adverse to one another.

As summed up in 7 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1705 (3d ed. 2001):

> It now also is settled that the claims need not be mutually exclusive in order to be adverse. Interpleader may be used whenever a limited fund is involved that could not fully satisfy all the claims being asserted.

This interpleader action, involving Simply Taxes, the US, and Illinois, is permitted because there are competing claims that exceed the amount of a limited fund, and because the US is making a claim to the same funds in the registry of the court that Illinois claims for its taxpayers—tax refunds paid in error to the taxpayers. And Illinois, as a judgment creditor of MMT and MCUSA is making a claim to the same funds that Simply Taxes claims in MMT and MCUSA's name. A judgment creditor has standing in interpleader to enforce its judgment against a stake in which the judgment debtor retains an interest. *United States v. Barry Fischer Law Firm, LLC*, 2012 WL 591396, *7 (S.D.N.Y. 2012) (citing *Weininger v. Castro*, 462 F.Supp.2d 457, 471–475, 500–501 (S.D.N.Y.2006)).

## CONCLUSION

For these reasons, the Court DENIES "Defendant Simply Taxes' First Amended Motion to Dismiss Defendant-Claimants United States, People of the State of Illinois, and UP2U, LLC for Lack of Subject-Matter Jurisdiction" (D.E. 70).

ORDERED this 20th day of December, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE